# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHN S. BOOSINGER,**
**Claimant Below, Petitioner**

**FILED**

December 19, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 16-1090** (BOR Appeal No. 2051270)
          (Claim No. 2015019731)

**PRECISION CASTPARTS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John S. Boosinger, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Precision Castparts Corporation, by Marion E. Ray, its attorney, filed a timely response.

The issue on appeal is the compensability of Mr. Boosinger's injury as well as authorization for medical benefits. The claims administrator denied a request for physical therapy and a steroid injection for the right knee on June 15, 2015. On June 16, 2015, the claims administrator corrected a prior January 28, 2015, decision and rejected the claim. The Office of Judges affirmed the decisions in its April 13, 2016, Order. The Order was affirmed by the Board of Review on October 24, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Boosinger, an electronic yardman, filed an employees' and physicians' report of occupational injury on January 20, 2015, alleging that he was walking the rails when his left knee gave out on him and he fell, catching himself with his right hand on a railcar. He reported injuries to his right hand and wrist. The physician's section indicated a diagnosis of hyperextended right thumb. It was reported that the injury aggravated a prior injury or disease in that Mr. Boosinger has previously undergone surgery on his right hand. The employer's report of

1

occupational injury indicates Mr. Boosinger's left knee gave out while he was walking by the rail car. He caught himself with his right hand and overextended his hand and wrist causing a strain.

A January 20, 2015, treatment note from St. Mary's Urgent Care indicates Mr. Boosinger reported that his left knee gave out and he put his hand out and hyperextended his right thumb on a railcar at work. His medical history included a history of arthritis and surgeries on the left knee, left hand, right hand, right arm, and bilateral rotator cuffs. The assessment was sprain of the right wrist/hand. An x-ray of the right wrist revealed probable chronic changes at the base of the first metacarpal. A more acute avulsion injury was not entirely excluded. It was reported that he has previously undergone a joint replacement at the site of the injury.

A treatment note by Allen Young, M.D., on January 21, 2015, indicates Mr. Boosinger had a history of problems with the hand/wrist when he had degeneration of the scaphoid bone in the bilateral wrists for which bilateral wrist surgery was performed. He had worked since the injury. Dr. Young's assessment was sprain/strain of the right wrist. Two days later, Mr. Boosinger's wrist was still swollen and achy. The assessment remained the same. The claims administrator held the claim compensable for wrist strain on January 28, 2015.

A January 30, 2015, treatment note by Alan Koester, M.D., indicates an assessment of wrist sprain. It was noted that Mr. Boosinger returned following a reinjury of his thumb in which his knee gave out and he fell. A left knee MRI taken on February 23, 2015, showed a torn anterior cruciate ligament, likely chronic. There was also evidence of prior arthroscopy. The claims administrator granted authorization for orthopedic consultation at Marshall University Orthopedics on March 10, 2015. On March 13, 2015, Dr. Koester noted that Mr. Boosinger returned for evaluation of his right wrist following a fall and sprain in January 2015. The impression was right wrist sprain, early arthritis, and possible degenerative fibrocartilage tear.

In an April 15, 2015, treatment note, Jerry Ambrosia, M.D., noted that Mr. Boosinger was seen for knee pain following a work incident two and a half months prior when his knee buckled on him. He had a history of chronic anterior cruciate ligament deficiency for the past twenty years. It was Dr. Ambrosia's impression that he sprained his knee. X-rays of the left knee were negative for any sort of degenerative process. The MRI of the right knee showed obliteration of the anterior cruciate ligament. Mr. Boosinger reported occasional giving away episodes with the left knee. Dr. Ambrosia wanted to order physical therapy.

A treatment note by James Reagan, M.D., dated May 19, 2015, indicates Mr. Boosinger reported that he had experienced anterior cruciate ligament problems since he was thirty-nine but the most recent problems arose after he twisted it on January 20, 2015. The assessment was left knee anterior cruciate ligament deficiency status post knee sprain several months prior. Dr. Reagan noted Mr. Boosinger did not report feelings of instability until the twisting incident on January 20, 2015.

On November 12, 2015, Mr. Boosinger testified in a deposition that on January 20, 2015, he was walking from one area to another when he slipped or his knee gave out and he fell, catching himself with his right hand. He was not having problems with the right hand prior to the

fall. His knee did not initially hurt a great deal but a few days after the injury occurred, it began to hurt. Mr. Boosinger testified that his claim was held compensable on January 28, 2015, and he received treatment. He stated that he had two prior left knee injuries, a torn meniscus and a torn anterior cruciate ligament.

In a December 22, 2015, record review, Prasadarao Mukkamala, M.D., opined that Mr. Boosinger did not sustain an occupational injury on January 20, 2015. He had medical evidence of chronic anterior cruciate ligament deficiency of the left knee for several years. Mr. Boosinger himself reported that on the day in question his left knee gave out resulting in him falling and catching himself with his right hand. Dr. Mukkamala stated that the reason the left knee gave out was because he has a chronic anterior cruciate ligament deficiency. Dr. Mukkamala further noted that while Mr. Boosinger reported right wrist pain immediately, he did not mention left knee pain until February 13, 2015, more than three weeks later. Dr. Mukkamala concluded that Mr. Boosinger did not sustain a compensable work injury because he fell due to a chronic knee condition, not his employment.

The claims administrator denied a request for physical therapy for the right knee and steroid injection to the right knee on June 15, 2015. On June 16, 2015, it corrected the January 28, 2015, decision and rejected the claim. The Office of Judges affirmed the decisions in its April 13, 2016, Order. It found that neither the left or right knee were held compensable. Therefore, there was no error in the claims administrator's June 15, 2015, decision to deny treatment. Mr. Boosinger asserted that he injured his left knee on January 20, 2015. He stated that it did not hurt much initially, but a few days later he had increased pain. However, he did not report increased pain until three weeks after the incident occurred, as Dr. Mukkamala also observed. The Office of Judges further found that Mr. Boosinger's explanation of what happened has been inconsistent. He initially reported that his knee gave out and he fell. However, on April 15, 2015, he told Dr. Ambrosia that he hurt his knee at work a few months prior when his knee buckled on him. Dr. Ambrosia noted that Mr. Boosinger had chronic anterior cruciate ligament deficiency for twenty years and had undergone three arthroscopies. On May 19, 2015, Dr. Reagan noted that Mr. Boosinger did not report feelings of instability in the left knee until he twisted it several months prior. However, he reported to Dr. Ambrosia that he has occasional giving away episodes which caused pain and made certain activities difficult. Dr. Ambrosia stated that this was due to a chronic anterior cruciate ligament tear. The Office of Judges ultimately concluded that Mr. Boosinger's left knee gave way, as he himself stated in the report of injury, and that it gave way due to his chronic left knee condition. Accordingly, there was no isolated, fortuitous event attributable to his employment and the injury is therefore not compensable. The right wrist sprain that resulted from the non-compensable left knee giving way was also found to be non-compensable. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 24, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Compensation Commissioner*, 153 W.Va. 796, 172 S.E.2d 698 (1970). In this case, though Mr. Boosinger was injured in the course of his employment, he was

not injured as a result of his employment. His knee gave way as a result of pre-existing conditions, causing him to fall. Since the injury is not compensable, the requested treatment was also properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 19, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker